UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMAAZZ CONSTRUCTION GROUP
LLC, *et al.*,

                Plaintiffs,

                              Civil Action 2:24-cv-1053
      v.                        Judge Edmund A. Sargus, Jr.
                              Magistrate Judge Chelsey M. Vascura

CMI ROADBUILDING, INC.,

                Defendant.

## <u>ORDER</u>

This matter is before the Court on a Motion to Withdraw (ECF No. 46) made by The Kohl & Cook Law Firm, LLC ("Kohl & Cook"), seeking leave to withdraw as counsel for Plaintiffs Amaazz Construction Group ("ACC") and Amaazz Construction Ohio, LLC ("ACO"). Kohl & Cook represent that Plaintiffs have failed to respond to Kohl & Cook's multiple attempts to communicate with Plaintiffs. For good cause shown, the Motion to Withdraw (ECF No. 46) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** all attorneys from Kohl & Cook as counsel for Plaintiffs.

Both Plaintiffs are, however, corporate entities. Corporations can proceed in this Court only through licensed counsel. *See Rowland v. California Men's Colony, Unit 11 Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("[A] corporation cannot appear in federal court except through an attorney."). This rule applies equally to limited liability companies. *U.S. S.E.C. v. Merklinger*, 489 F. App'x 937, 939 (6th Cir. 2012).

In addition, Federal Rule of Civil Procedure 11(a) requires signature by an attorney or, if the party is not represented by an attorney, signature by the party for "[e]very pleading, written motion, and other paper." Fed. R. Civ. P. 11(a). Because a corporation cannot appear in court except through an attorney, "[a] pleading [or motion] by a corporation that is not signed by an attorney is treated as unsigned for Rule 11(a) purposes." *White v. Smith*, No. 2:09-cv-00574, 2010 WL 795967, at *1 (S.D. Ohio March 2, 2010) (citations omitted). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

Accordingly, Plaintiffs are **ORDERED** to retain a trial attorney as provided for in Southern District of Ohio Civil Rule 83.4 **WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER**, and to have counsel enter an appearance on their behalf. **Failure to comply with this Order may result in dismissal of this action for failure to prosecute and an entry of default against Plaintiffs on Defendant's counterclaims.** Withdrawing counsel are **ORDERED** to immediately serve a copy of this Order on Plaintiffs.

Also before the Court is Defendant, CMI Roadbuilding, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint and seeking a default judgment in Defendants' favor on its counterclaim against ACC. (ECF No. 47.) In light of this Order allowing Kohl & Cook to withdraw, the Court *sua sponte* extends Plaintiffs' deadline to respond to that motion **WITHIN THIRTY DAYS OF THE DATE OF THIS ORDER**.

Finally, CMI Roadbuilding, Inc. also seeks a stay of case deadlines. (ECF No. 49.) For good cause shown, that Motion is **GRANTED**. The July 9, 2025 Order is **VACATED**. The Court will issue a new case management schedule after Plaintiffs retain new counsel.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE