UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMAAZZ CONSTRUCTION GROUP,
LLC, *et al.*,

        Plaintiffs,

        v.

CMI ROADBUILDING, INC.,

        Defendant.

Case Number 2:24-cv-1053
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Defendant CMI Roadbuilding, Inc.'s Motion to

Dismiss for Lack of Prosecution and to Enter Judgment on the Counterclaim. (ECF No. 47.)

Plaintiffs Amaazz Construction Group, LLC and Amaazz Construction Ohio, LLC did not

respond to Defendant's Motion. For the reasons stated below, Defendant's Motion is

**GRANTED in part** and **DENIED WITHOUT PREJUDICE in part**.

## PROCEDURAL BACKGROUND

Plaintiffs Amaazz Construction Group, LLC ("ACG") and its wholly owned subsidiary

Amaazz Construction Ohio, LLC ("ACO") sued Defendant CMI Roadbuilding, Inc. ("CMI") in

March 2024.[1] (ECF No. 1.) ACO is a construction company that focuses on commercial and

municipal asphalt paving projects. (ECF No. 19, ¶ 2.) CMI is a heavy equipment manufacturing

company that manufactures mobile asphalt producing machines, called Mobile Asphalt Plants.

(*Id.* ¶ 3.) In March 2020, Plaintiffs contracted to purchase a Mobile Asphalt Plant from CMI. (*Id.*

---

[1] This is the second lawsuit filed by ACG against CMI in this Court. The first lawsuit was
dismissed without prejudice by a joint stipulation in March 2023. *See Amaazz Constr. Group,
LLC v. CMI Roadbuilding, Inc.*, Case No. 2:21-cv-03644 (June 17, 2021).

¶ 6.) Subsequently, Plaintiffs sued CMI alleging that CMI sold them a "defective and unusable" Mobile Asphalt Plan. (ECF No. 1, ¶ 25.) CMI brought a counterclaim against ACG for breach of contract. (ECF No. 7, PageID 66–67.) ACG filed an answer to the counterclaim. (ECF No. 11.)

With leave of the Court, Plaintiffs filed an Amended Complaint (ECF No. 19), which CMI moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 20). The Court denied the motion. (ECF No. 34.) CMI then filed an answer and counterclaim to the Amended Complaint. (ECF No. 36.) The counterclaim sought judgment against ACG for breach of contract "in an amount in excess of $75,000, costs, attorney fees, and any further relief which this Court deems just and equitable." (*Id.* PageID 460.) ACG did not respond to this counterclaim.

Plaintiffs have struggled to retain counsel in this case. In September 2024, the Court granted a motion filed by Plaintiffs to substitute counsel. (ECF No. 22.) In February 2025, Plaintiffs' second attorney moved to withdraw. (ECF No. 32.) The Court granted the motion and ordered Plaintiffs to retain new counsel within 30 days. (ECF No. 33, PageID 414.) Plaintiffs failed to meet this deadline, so the Court ordered them to show cause "why their claims should not be dismissed for want of prosecution, and why default should not be entered against them on [CMI's] Counterclaim as a sanction." (ECF No. 39, PageID 466.) Plaintiffs' third counsel entered an appearance in May 2025. (ECF No. 40.) The Court allowed Plaintiffs to proceed with the case. (ECF No. 43.)

In October 2025, Plaintiffs' third counsel filed a motion to withdraw citing Plaintiffs' failure to pay for legal services. (ECF No. 46, PageID 488.) The Court granted the motion to withdraw and ordered Plaintiffs to retain new counsel within 14 days. (ECF No. 50.) The Court warned Plaintiffs that failure to do so "may result in dismissal of this action for failure to

2

prosecute and an entry of default against Plaintiffs on Defendant's counterclaims." (*Id.* PageID 726.) Months have passed and Plaintiffs have not retained counsel.

CMI filed a Motion to Dismiss for Lack of Prosecution under Federal Rule of Civil Procedure 41(b) and to Enter Judgment on the Counterclaim. (ECF No. 47.) Plaintiffs did not respond, but CMI filed a reply highlighting the lack of response from Plaintiffs. (ECF No. 51.)

## ANALYSIS

Rule 41(b) expressly recognizes the Court's inherent authority to dismiss a plaintiff's action with prejudice due to failure to prosecute, providing in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see also Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

In determining whether dismissal for failure to prosecute is appropriate, the court examines four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

3

Plaintiffs have failed to comply with the Court's Order instructing them to retain new counsel, which constitutes bad faith or contumacious conduct. *See Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitutes bad faith or contumacious conduct and justifies dismissal"). On more than one occasion, the Court expressly cautioned Plaintiffs that failure to comply with its Orders may result in dismissal of this action. (*See* ECF Nos. 33, 39, 50.) The first time the Court ordered Plaintiffs to obtain counsel, they did so after the Court's deadline, and the Court allowed them to proceed in the case despite their untimely compliance. The second time, however, Plaintiffs never retained counsel and stopped participating in this case. As noted in the Court's previous Orders, Plaintiffs cannot proceed as corporate entities in this case without licensed counsel. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."). Thus, no alternative sanction exists that would allow the case to proceed. Further, CMI has been prejudiced due to the delays in this case because of Plaintiffs' inability to retain counsel. *See Schafer*, 529 F.3d at 737 ("[A] defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide.") (citation modified). The Court finds that Plaintiffs' failure to comply with the Court's Order, lack of counsel, and nonparticipation in the case warrant dismissal of Plaintiffs' claims for failure to prosecute. Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**.

CMI also requests that the Court enter default judgment against ACG on CMI's counterclaim for failure to follow the Court's Order or, alternatively, for failure to defend under Federal Rule of Civil Procedure 55. (ECF No. 47, PageID 511–12.) A party is in default when the party fails to "plead or otherwise defend" an action." Fed. R. Civ. P. 55(a). Because of

4

ACG's failure to defend as to the counterclaim, and for the reasons discussed above, an entry of default against it is appropriate. *See Tek for Your Life, LLC v. Shine On, LLC*, No. 3:23-cv-228, No. 3:24-cv-94, 2025 WL 4663925, at *2–3 (S.D. Ohio July 21, 2025) (Newman, J.) (entering default against defendants for failing to obtain counsel). CMI's request for default judgment, however, is premature, especially given its request in the counterclaim for monetary relief. *See Rozzi Co., Inc. v. Fireworks By Grucci, Inc.*, No. 1:24-cv-599, 2025 WL 1836269, at *1 (S.D. Ohio Feb. 10, 2025) (Hopkins, J.) (stating that a party must apply for entry of default before it can move for default judgment); Fed. R. Civ. P. 55(b). Accordingly, the request for default judgment is **DENIED WITHOUT PREJUDICE**. Because the Court finds that entry of default is appropriate, CMI is **ORDERED** to file a renewed motion for default judgment and damages against ACG **within 30 days** of this Order.

## CONCLUSION

Defendant CMI's Motion to Dismiss for Lack of Prosecution (ECF No. 47) is **GRANTED** and Motion to Enter Judgment on the Counterclaim (ECF No. 47) is **DENIED WITHOUT PREJUDICE**. Plaintiffs' claims against Defendant are **DISMISSED** pursuant to Rule 41(b) for failure to prosecute. Defendant CMI is **ORDERED** to file a renewed motion for default judgment and damages against ACG **within 30 days** of this Order.

The Clerk is **DIRECTED** to enter default against Plaintiffs Amaazz Construction Group, LLC and Amaazz Construction Ohio, LLC. Additionally, the Clerk is **DIRECTED** to send a copy of this Opinion and Order to Plaintiffs at the following mailing address:

Amaazz Construction Group, LLC
Amaazz Construction Ohio, LLC
8000 Walton Pkwy, Suite 290
New Albany, OH 43054

This case remains open.

**IT IS SO ORDERED.**

**4/6/2026**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**